**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

WILLIAM GARCIA, ROBERT
MARTINEZ,

      Plaintiffs-Appellants,

and

WALTER WALKER,

      Plaintiff,

    v.

DONALDO TAYLOR, D/S
GALLOW, CARLOS JACKSON,
Major; JOHN WEBER, FRED OLIVA,
Chief; CHIEF SIMONET,
WELLINGTON WEBB, Mayor;
DENVER,

      Defendants-Appellees.

No. 03-1361
(D. Colorado)
(D.C. No. 02-WY-2222-AJ)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* FED. R. APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

William Garcia, Robert Martinez, and Walter Walker, state prisoners in the custody of the Colorado Department of Corrections ("DOC"), filed an amended pro se civil rights complaint requesting money damages and injunctive relief pursuant to 42 U.S.C. § 1983.[1] On appeal, Mr. Garcia and Mr. Martinez seek to proceed in forma pauperis ("IFP").

The plaintiffs allege a variety of complaints relating to their transfer to the Denver County Jail in April 2000. Specifically, Mr. Martinez alleged that Defendant Taylor threatened him and encouraged an unidentified nurse to give Mr. Martinez an overdose of medication. Mr. Garcia and Mr. Walker complained that the defendants placed them in holding cells that contained "vast amounts of human excrements, vomit, feces, urine, and other dangerous substances." Aples' Supl. App., doc. 2 ¶ 32k. Defendants moved them to, and forced them to sleep in, cells "which contained inadequate heating, ventilation, and were also strewn with human feces, vomit, urine, and other dangerous substances." *Id.* ¶¶ 32*l*, 50.

---

[1] Mr. Walker's appeal was dismissed for failure to prosecute when he failed to either submit the proper in forma pauperis forms or pay the fee.

During this time, Mr. Garcia and Mr. Walker allegedly had no access to personal hygiene items.

Mr. Garcia also contends that, in retaliation for his decision to proceed pro se in a criminal case, defendants denied him access to a court-appointed investigator. Finally, the plaintiffs contend that the defendants have permitted and ratified the above behavior and maintained no system to investigate such violations and abuse.

The magistrate judge recommended that the district court grant the defendants' motion to dismiss without prejudice because the plaintiffs failed to exhaust their administrative remedies in accordance with 42 U.S.C. § 1997e(a). The district court agreed and dismissed the case without prejudice. We affirm.

We review de novo a district court's finding of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires inmates to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Bureau of*

*Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotation and citation omitted).

In a § 1983 action, the burden is on the prisoner to sufficiently plead exhaustion of administrative remedies under § 1997e(a), which includes supplying supporting information or documentation of the exhaustion of his prison grievance proceedings. *Id.* at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. Similarly, an inmate who fails to meet the time limit for filing a grievance does not exhaust his administrative remedies. *Id.* at 1033.

The plaintiffs contend that they requested grievances "but were denied based upon their being DOC inmates and not county jail inmates." Aples' Supl. App., doc. 5 ¶ 3 (Response to Defendant's [sic] Motion to Dismiss, Filed Feb. 28, 2003). The plaintiffs apparently concede, however, that the defendants "now offer the Plaintiff's [sic] the opportunity to file grievances of which the Plaintiffs redily [sic] agree to utilize now that defendants' [sic] have reversed their previous stance disallowing grievances to DOC inmates." *Id.*, doc. 9, ex. A, ¶ 9 (Plaintiff's [sic] Combined Response to Defendant's [sic] Motion to Dismiss and Objection to Magistrate's Recomendation [sic], filed July 1, 2003); *see id.*, doc. 6 ¶ 7 (Response to Court's Order Dated Feb. 24-2003 and Response to the

Defendant's [sic] Motion to Dismiss, filed Mar. 18, 2003) ("Plaintiffs have requested from Defendant's counsel the grievances that were previously denied to plaintiff's [sic] but are now being made available.").

On appeal, Mr. Garcia and Mr. Martinez ask us to reverse the dismissal, because to affirm "would enable defendants to prevail in all of these types of litigation by simply denying the grievance procedure to any inmate and later seeking dismissal because plaintiff was prevented from availing himself to the grievance procedure." Aplts' Reply Br. at 2. We agree that refusing a prisoner grievance forms could raise an inference that the plaintiffs have exhausted "available" administrative remedies. *See, e.g.*, *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a), and that [plaintiff's] allegations raise an inference that he was prevented from utilizing the prison's administrative remedies."); *Arnold v. Goetz*, 245 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2003) ("A prisoner who is told that the Inmate Grievance Program exists, but whose efforts to learn how he can avail himself of the IGP are frustrated by correctional officials, is only marginally less ignorant of the grievance procedure than an inmate wholly unaware of the program. Neither inmate, in effect, has recourse to an available administrative remedy."); *Davis v. Milwaukee Co.*, 225 F. Supp. 2d 967, 976 (E.D. Wis. 2002) (holding that when the

record established that the "defendants hindered plaintiff from exhausting and, therefore, from complying with the PLRA" in three ways, such grievance procedure might have been "unavailable"). However, because those forms were eventually provided to plaintiffs here, the district court's dismissal without prejudice was correct.

We AFFIRM the judgment of the district court and we GRANT Mr. Garcia's and Mr. Martinez's motions to proceed IFP. They are reminded of their obligation to continue making partial payments toward the balance of their assessed fees and costs until they are paid in full.

Entered for the Court,


Robert H. Henry
Circuit Judge