**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN K. BAUGHMAN,

      Plaintiff - Appellant,

v.

VICKIE HARLESS, DDS; BRADLEY
PAYAS; D. LEMMONS; R. BRAZEE,
DDS; G. COX, DCA II; R.
ALBRIGHT, DDS,

      Defendants - Appellees.

No. 04-6256
(D.C. No. 01-CV-1032-T)
(W. D. Okla.)

**ORDER AND JUDGMENT**   *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Steven K. Baughman, a prisoner proceeding pro se, [1] appeals from the district court's order granting defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). We exercise jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

## Background

Mr. Baughman filed his civil rights action for declaratory, injunctive, and damage relief against various Oklahoma Department of Corrections employees, alleging that they had deprived him of adequate dental care and had treated his dental needs with deliberate indifference in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He also asserted state-law medical malpractice and negligence claims. In his complaint, Mr. Baughman stated that he had exhausted his administrative remedies through the Oklahoma

---

[1] We liberally construe Mr. Baughman's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Department of Corrections Inmate Grievance System [2] and by filing a Notice of Claim with the Oklahoma Central Services Risk Management Division.

Exhibits attached to the complaint show that for more than two years, Mr. Baughman submitted various requests to staff concerning the dental care he was receiving. After being dissatisfied with the responses, he filed a grievance, No. 2000-02, on September 30, 1999, seeking proper dental attention, but recognizing that the reviewer could not provide monetary compensation. He filed an additional grievance concerning these same dental needs on October 20, 1999, because he had received no response to the first grievance. In a memo, defendant

---

[2]     Oklahoma has a three-step process for exhausting prison administrative remedies. First, the inmate must request informal resolution by submitting a "Request to Staff" form with a staff member. If informal resolution fails to satisfy the inmate, he may submit an "Inmate/Offender Grievance Report Form" along with the original "Request to Staff" form to the facility health services administrator, who will respond within fifteen days of receipt of the grievance. The facility head will conduct a final review of the health services administrator's grievance response, and, if the facility head concurs, he will sign and date the response form. The reviewing authority will have the inmate sign and date the response to acknowledge receipt. The original copy of the grievance, response, and other paperwork will be returned to the inmate with a copy retained by the reviewing authority. If there is no response within thirty days of submission, the inmate may send the grievance to the medical deputy director/chief medical officer with evidence of having submitted the grievance to the facility health services administrator. An adverse grievance response may be appealed within ten days to the medical deputy director/chief medical officer, who has twenty days from receipt of the grievance appeal to respond and forward the original grievance to the inmate. If more time is required to respond, the inmate will receive written notice, and the grievance will be decided within ten working days. This ruling is final, and it concludes the administrative remedy available to the inmate from the Oklahoma Department of Corrections.

Bradley Payas, the Health Services Administrator, stated that the first grievance was responded to, but may not have been returned to Mr. Baughman, since the original was still in prison files. Although the first grievance was denied on October 8, 1999, Mr. Baughman signed and dated that he received it on October 29, 1999. At the bottom of the form, he checked a box indicating that he wished to appeal. He signed and dated this portion of the form on October 30.

After submitting other requests to staff, Mr. Baughman filed another grievance, No. 2000-29, on November 16, 2000, also concerning his dental care for the prior twenty-six months and seeking dental care and compensatory damages. It too was denied. On December 1, 2000, Mr. Baughman signed and dated the denial response, both acknowledging receiving it and indicating that he wished to appeal. Mr. Baughman asserted that he placed his appeals of grievances No. 2000-02 and No. 2000-29 in the prison mail on October 30, 1999 and December 1, 2000, respectively, but never received responses. He also filed a claim for compensation with the Oklahoma Central Services Risk Management Division on January 13, 2001, which was denied on February 6, 2001. [3]

---

[3]     Mr. Baughman was not required to file a tort claim in order to exhaust administrative remedies, because there was no possibility for relief under the Oklahoma Governmental Tort Claims Act. *See* Okla. Stat. tit. 51, § 155(24) (excluding liability for "operation or maintenance of any prison, jail or correctional facility").

The district court referred Mr. Baughman's complaint to a magistrate judge, who ordered defendants to prepare a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). They did so and moved for dismissal or summary judgment alleging, among other things, that Mr. Baughman failed to exhaust his administrative remedies. [4] Defendants provided evidence that the medical deputy director/chief medical officer never received an appeal of any grievance from Mr. Baughman between August 1, 1998 and October 12, 2001. Mr. Baughman responded and filed his own motion for summary judgment. He again asserted that he mailed his grievance appeals, but received no responses. He also asserted that the Oklahoma Department of Corrections does not provide a file stamped copy of submitted grievance appeals and does not provide a means to ensure their delivery once they are placed in the prison mail. Thus, he maintained that he had exhausted all available remedies. To support his assertions, he submitted his own affidavit stating that he mailed his final appeal in grievance No. 2000-29 on December 1, 2000, but received no response and that after waiting a month he filed his notice of tort claim for damages, which was denied. The magistrate judge found that there were genuine issues of material fact whether Mr. Baughman exhausted his administrative remedies and recommended that

---

[4] Defendants admitted that they could not find a copy of the response to grievance No. 2000-29 in their grievance files, so they copied the copy attached to Mr. Baughman's complaint in order to include it in the special report.

defendants' motion for summary judgment be denied. Defendants objected to the magistrate judge's report and recommendation. In doing so, they submitted an affidavit of Terence M. Bolt, a warden's assistant, stating that he had reviewed the prison legal and privileged mail logs and found that Mr. Baughman had not made any such mailing during the relevant time period. The district court did not consider this evidence in making its decision, however, because it had not been presented to the magistrate judge. The district court denied summary judgment, adopting the magistrate judge's report and recommendation, but granted the parties permission to file second motions for summary judgment after discovery.[5] Thereafter, the magistrate judge appointed counsel to represent Mr. Baughman.

Subsequently, defendants filed a second summary judgment motion, again arguing that Mr. Baughman failed to exhaust administrative remedies. Assuming he did mail his grievance appeal, which defendants disputed, they argued that Mr. Baughman should have inquired when he did not receive a timely response to his appeal and mere mailing was insufficient to satisfy exhaustion requirements. In responding to the motion, and again arguing that he had exhausted

---

[5]  The district court also dismissed Mr. Baughman's claims against defendant R. Brazee; granted defendant Bradley Payas, G. Cox, R. Albright and D. Lemmons' request for summary judgment on Mr. Baughman's claims for injunctive relief; denied defendants' motion for a protective order; and denied Mr. Baughman's motion for summary judgment. No issues on appeal concern these court decisions.

administrative remedies, Mr. Baughman submitted the affidavit of Robert P. Underwood, a retired correctional officer who had spent twenty years with the Oklahoma Department of Corrections. Mr. Underwood stated that mail room employees occasionally failed to log prisoners' incoming and outgoing mail due to understaffing and the volume of mail passing through the prison each day. Also, Mr. Baughman submitted his own affidavit and the affidavit of another prisoner, Delbert Lynch, indicating that he did mail an appeal of grievance No. 2000-29.

The district court granted defendants' motion for summary judgment. In doing so, the court decided as a matter of law that Mr. Baughman failed to exhaust administrative remedies, because he had never received a final ruling on his appeal, as is required under the prison regulations. Even if his failure to obtain a final ruling did not dictate as a matter of law that he had failed to exhaust administrative remedies, the court also held that the mere mailing of an appeal was insufficient to exhaust administrative remedies. The court decided that when Mr. Baughman failed to receive a ruling within a reasonable time, he was obliged as part of the exhaustion requirement to cure the deficiency by resubmitting his appeal with proof of previous timely mailing of the appeal or by mailing a letter inquiring about the status of his appeal.

## Analysis

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (reviewing district court's finding regarding failure to exhaust administrative remedies de novo).

Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any . . . prison until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). It is mandatory, even for prisoners seeking damage relief. *Id.* at 524. "Exhaustion . . . serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Simmat v. United States Bureau of Prisons*, No. 03-3361, 2005 WL 1541070, at *10 (10th Cir. July 1, 2005) (quotation omitted).

A prisoner has the burden to sufficiently plead exhaustion of grievance proceedings, including supplying supporting documentation on exhaustion or if no such documentation is available, describing with particularity the administrative proceeding and its outcome. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied*, 125 S. Ct. 344 (2004). The prisoner must follow the grievance process to its conclusion; the doctrine of substantial compliance does not apply. *Jernigan*, 304 F.3d at 1032-33.

In this case, defendants provided evidence that they had never received a grievance appeal from Mr. Baughman during the relevant time period and that no entry in the prison mail logs showed that such appeals were sent. Mr. Baughman, however, presented evidence indicating that he had mailed grievance appeals. He therefore came forward with evidence showing a genuine issue of material fact on the matter for which he has the burden of proof, whether he exhausted his administrative remedies. *See Simms*, 165 F.3d at 1326. The district court recognized this when it found that "[i]n this case, at a minimum, a genuine issue of material fact exists as to whether [Mr. Baughman] attempted to complete the last step of the grievance procedure by mailing an appeal from the denial of his grievance(s) to the Deputy Director/Chief Medical Officer." Order at 4. Thus, Mr. Baughman met his burden of presenting information supporting his claim that

he attempted to exhaust his prison grievance remedies. *See Steele*, 355 F.3d at 1209-10.

Because there is a genuine issue of material fact, we next must consider whether the district court erred as a matter of law in deciding that summary judgment was proper. The exact issue we must address is what is legally sufficient to constitute exhaustion. [6] Section 1997e(a) does not define exhaustion or establish requirements a prisoner must meet to be found to have exhausted his prison grievance remedies. *Cf. Thomas v. Woolum*, 337 F.3d 720, 722 (6th Cir. 2003) ("statute's text does not condition access to the federal courts on satisfying the procedures . . . of prison administrators").

Mr. Baughman correctly argues that § 1997e(a) only requires him to exhaust "available" administrative procedures. In other words, he is only required to exhaust grievance procedures that he is capable of exhausting. *See Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam).

This circuit has determined that prison officials' "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan*, 304 F.3d at 1032; *see also Boyd v.*

---

[6]     Defendants could have given Mr. Baughman the benefit of the doubt and allowed him an opportunity to cure by permitting the filing of an appeal without the restriction of a time bar. *Cf. Jernigan*, 304 F.3d at 1032 (prison officials permitted prisoner opportunity to cure where he alleged he had submitted grievance that was lost or misfiled).

*Corr. Corp. of Am.*  , 380 F.3d 989, 996 (6th Cir. 2004) ("conclud[ing] that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"),   *cert. denied* , 125 S. Ct. 1639 (2005);   *Lewis v. Washington* , 300 F.3d 829, 833 (7th Cir. 2002) (holding prison's failure to timely respond to grievance renders administrative remedies unavailable);    *Foulk v. Charrier* , 262 F.3d 687, 698 (8th Cir. 2001) (holding prisoner exhausted available remedies where prison officials failed to respond to his informal grievances);    [7] *Underwood* , 151 F.3d at 295 (holding "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired").  If prison officials prevent a prisoner from proceeding with exhaustion of administrative remedies, prison officials render that remedy unavailable such that a court will deem the procedure exhausted.    *See Lyon v. Vande Krol*  , 305 F.3d 806, 808 (8th Cir. 2002) (en banc);    *Miller v. Norris* , 247 F.3d 736, 740 (8th Cir. 2001).  And administrative remedies may be found unavailable, thereby excusing an inmate from technically exhausting remedies, where the prisoner supports his allegations that he placed his grievances in the mail, but they were lost or destroyed and therefore his efforts to exhaust

---

[7]    In *Steele* , 355 F.3d at 1209 n.3, we disagreed with      *Foulk* 's and other circuits' holdings that § 1997e(a)'s exhaustion requirement is an affirmative defense.  We did note, however, that these cases "provide helpful analyses of other aspects of exhaustion."     *Steele* , 355 F.3d at 1209 n.3.

-11-

available administrative remedies were impeded by correctional officers. *See Veloz v. New York*, 339 F. Supp. 2d 505, 515-16 (S.D.N.Y. 2004).

Thus, under the circumstances presented here, grievance appeals may have become unavailable through the actions or inactions of the prison mail room. If Mr. Baughman was hindered from exhausting his administrative remedies by the failure of prison officials to mail his grievance appeals, then the grievance procedure is unavailable.

Defendants, however, argue that even if Mr. Baughman mailed his grievance appeals, he had a responsibility to inquire whether they had been received after a certain period of time had passed, because placing the appeals in the mail was insufficient for exhaustion. Mr. Baughman admits he made no attempt to cure the fact that he never received a response to his grievance appeals. The prison regulations, however, place no such responsibility on a prisoner. They do not require or even provide an inquiry process for a prisoner who has not received a response from his grievance appeal.

Because the Oklahoma grievance procedure did not require or provide for further process of an unanswered grievance appeal, Mr. Baughman exhausted all of the available administrative remedies, if indeed he did submit his appeals as he has alleged. *See Abney v. County of Nassau*, 237 F. Supp. 2d 278, 283 (E.D.N.Y. 2002); *cf. Abney v. McGinnis*, 380 F.3d 663, 668-69 (2d Cir. 2004) (holding that

administrative remedies were unavailable where applicable grievance procedures did not provide mechanism for appeal). We therefore disagree with defendants' assertion and the district court's finding that merely mailing a grievance appeal is insufficient to exhaust the grievance appeal process even if the appeal was never received.

Defendants also argue that a response from the medical deputy director/chief medical officer is required to exhaust administrative remedies. The prison regulations indicate that a response to a grievance appeal is final and concludes the available administrative remedies. As indicated above, this regulation fails to offer any process to inmates who submit a grievance appeal, but who fail to receive any response. Because § 1997e(a) "does not condition access to the federal courts on satisfying the procedures . . . of prison administrators," *Thomas* , 337 F.3d at 722, we conclude that the failure to receive a response to an appeal is not fatal to a finding of exhaustion of available administrative remedies, if the prisoner, in fact, followed prison rules for exhausting administrative remedies.

We conclude the district court erred in granting summary judgment to defendants. Because there is a genuine issue of material fact whether Mr. Baughman exhausted his available administrative remedies, we reverse the

district court's grant of summary judgment and remand for further proceedings on the question of exhaustion. [8]

## Conclusion

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings. Although the district court granted Mr. Baughman's request to proceed on appeal without prepayment of fees, he must make partial payments as specified in 28 U.S.C. § 1915(b)(1) until his filing fee is paid in full.

Entered for the Court

Wade Brorby
Circuit Judge

---

[8] In his appellate brief, Mr. Baughman asks for a jury trial. In his complaint, however, he made no such request. Thus, the district court need not hold a jury trial on the exhaustion issue. Also, it appears that on appeal Mr. Baughman's arguments concern only grievance No. 2000-29. On remand, he must clarify to the district court whether has waived any arguments with respect to his first grievance, No. 2000-02.