**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

JEFFREY DAVID GONYEA,

       Plaintiff-Appellant,

v.

TED MINK, Jefferson County Sheriff;
RAY FLEER, Jefferson County
Undersheriff; DAVID WALCHER,
Jefferson County Chief, Detentions
Division; PATSY MUNDELL, Jefferson
County Chief, Support Services,

       Defendants-Appellees.

No. 06-1176
(D.C. No. 04-CV-02442-PAC-MJW)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Jeffrey David Gonyea, a state inmate proceeding *pro se,*[1] appeals the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Because he is proceeding *pro se*, we review Mr. Gonyea's pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

district court's order dismissing without prejudice his 28 U.S.C. § 1983 action for failure to exhaust administrative remedies. Because Mr. Gonyea failed to avail himself of the detention facility grievance process before seeking judicial review as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), we affirm.

Mr. Gonyea filed a § 1983 action asserting his constitutional rights were violated when members of the Jefferson County Sheriff's Office assaulted Mr. Gonyea upon intake at the Jefferson County Detention Facility (JCDF). The PLRA mandates "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "Prison conditions" include specific claims of excessive force of the kind alleged in this case. *Porter v. Nussle*, 534 U.S. 516, 582 (2002) (holding the PLRA's exhaustion requirement applies to allegations of excessive force). The PLRA requires a prisoner to complete the prison grievance process before a court will entertain an inmate's § 1983 claims. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). We review *de novo* the district court's dismissal for failure to exhaust administrative remedies. *Id.*

Mr. Gonyea bears the burden of proving he has exhausted all available administrative remedies before turning to judicial proceedings for settlement of

his claims. *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1209-10 (10th Cir. 2003). To satisfy this burden, Mr. Gonyea must concisely state how he has fulfilled the exhaustion requirement by attaching a copy of the administrative proceedings or describing with specificity the administrative proceeding and its outcome. *Id.* Mr. Gonyea has done neither. None of his six amended complaints included a copy of a grievance form or a description of a JCDF grievance proceeding.

Instead of demonstrating his completion of JCDF's administrative remedies, Mr. Gonyea enumerates justifications for his failure to engage the JCDF grievance process. He argues he should be excused from complying because: (a) "the grievance process was rendered useless in this situation," Rec., Pl.'s Resp. to Mot. to Dismiss, Ex. 2 at 1; (b) he "had no way to access the grievance process" because he was injured while in detention, *id.*, Ex. 1 at 2; (c) he was not "able to name any of the grievable parties by name," *id.* at 3; (d) Jefferson County denied the incident had occurred, *id.* at 2,3; (e) and he was denied the "chance to access" administrative remedies,[2] *id.* at 3.

Although administrative remedies may be deemed unavailable due to obstruction of the grievance process, *see Jernigan,* 304 F.3d at 1032 (the "failure

---

[2]Mr. Gonyea also argues his administrative remedies have been exhausted because he filed claims in Jefferson County small claims, County, and District Courts. These court proceedings did not replace the JCDF's internal grievance system and do not satisfy the administrative remedies exhaustion requirement.

[of prison officials] to respond to a grievance within the time limits . . . renders an administrative remedy unavailable"); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001) ("a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)."), Mr. Gonyea has not demonstrated unavailability in this case. The jail officials' denial of the incident did not preclude Mr. Gonyea from filing a grievance to vindicate his rights, and if he had filed a grievance, he could have described the incident and characteristics of the perpetrators without referencing their names. Although Mr. Gonyea's physical ailments while detained may have been serious, it was unlikely he was so physically or mentally incapacitated during the entire filing window that he was unable to request a grievance form within the appropriate time frame. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006) (PLRA exhaustion requirement "demands compliance with an agency's deadlines and other critical procedural rules."). Moreover, Mr. Gonyea could have filed a grievance with the JCDF from the Arapahoe County Jail to which he was transferred, complaining in that grievance that he had been prevented by the JCDF from filing earlier. His own records reflect he was actively filing request forms at the Arapahoe County Jail by December 9, 2003, at the latest, a mere two weeks after his transfer from the JCDF on November 26, 2003. Mr. Gonyea's assertion that such a remedy would be "useless in this situation," even if true, is not sufficient to excuse the exhaustion requirement. *See Jernigan,* 304 F.3d at 1032 ("Even where the

'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.") (citing *Booth v. Churner,* 532 U.S. 731, 740 (2001)). None of the proffered justifications demonstrate the JCDF's grievance process was unavailable.

In sum, Mr. Gonyea did not follow the JCDF's available grievance procedure, and therefore did not exhaust his administrative remedies as required by the PLRA before filing in federal court. His claim was therefore properly dismissed by the district court.

Mr. Gonyea moves for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, he must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915(a); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). We conclude that Mr. Gonyea can not make a rational argument on the law or facts in support of the issues raised on appeal. Accordingly, we **DENY** the motion for leave to proceed on appeal without prepayment of costs or fees, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-