**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHEN THENE SPARKS,

      Plaintiff - Appellant,

    v.

LT. FOSTER, Arkansas Valley
Correctional Facility; LT.
SMELTZER, Limon Correctional
Facility; LT. SKIP STRODE, Limon
Correctional Facility; LT. ERIC
HOFFMAN, Sterling Correctional
Facility; LT. NEAL MAGELSON,
Sterling Correctional Facility; and
CAPT. MICHELLE NYCZ, Sterling
Correctional Facility,

      Defendants - Appellees.

No. 06-1113

D. Colo.

(D.C. No. 03-cv-1929-WYD-MEH)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Stephen Sparks, a Colorado state prisoner, brought a 42 U.S.C. § 1983 action complaining about the condition of his confinement. Appearing *pro se*, he appeals from the district court's judgment granting defendants' motions to dismiss and summary judgment. We affirm.

## I. Background

Sometime in 1995, Sparks claims to have been incorrectly labeled a gang member by Lieutenant Foster while at the Arkansas Valley Correctional Facility. Upon transfer to the Limon Correctional Facility, Sparks learned he was considered a security threat and classified within a Security Threat Group (STG). Later, Sparks was moved to the Sterling Correctional Facility. While there, Sparks claims to have been told by Lieutenant Hoffman that he was considered a leading member of a prison gang called "The Family." When Sparks asked if he could file a grievance to prove he is not a gang member, Lieutenant Hoffman said no.

Sometime later, Sparks also claims: Captain Nycz at the Sterling Correctional Facility forced him to cross a prisoner strike to work in the kitchen despite inmate threats to any prisoner who crossed the line; he was selected based on his STG classification and because the prison officials intended to use his leadership role within the prison population to diffuse the volatile situation;

Lieutenant Magelson of the Sterling Correctional Facility threatened him with administrative segregation if he refused the assignment; and the assignment put him in charge of other inmates and forced him to do the guard's job. Sparks believes being labeled a member of "The Family" by prison officials and being forced to cross the strike line placed his life in danger with rival gangs.

On October 17, 2003, while still housed at the Sterling Correctional Facility, Sparks filed an amended complaint against Lieutenant Foster of the Arkansas Valley Correctional Facility; Lieutenants Smelzer and Strode of the Limon Correctional Facility; and Lieutenants Hoffman, Magelson and Captain Nycz of the Sterling Correctional Facility. Sparks asserted the defendants violated his: (1) Fourteenth Amendment right to procedural due process, (2) Sixth Amendment right to confrontation and (3) Eighth Amendment right to be free of cruel and unusual punishment. He sought monetary damages and injunctive relief to require prison authorities to establish a procedure for prisoners to challenge gang or STG classification and to have his name removed from the STG list.

Sparks' Fourteenth and Eighth Amendment claims rested on the same factual assertions. He claimed the defendants denied him the equal protections of life and liberty by falsely accusing him of being a gang member without due process of law and the unwarranted label of being a gang member of "The Family" constitutes cruel and unusual punishment because it put his life in danger

with rival gangs. Further, he claims Nycz, Hoffman and Magelson placed his life in danger when they forced him to cross a prisoner work strike in the facility kitchen at Sterling Correctional Facility, knowing of threats made against anyone who crossed the picket line. Sparks' Sixth Amendment right to confrontation claim was based on the fact he was unable to present witnesses to disprove any gang affiliation.

*A. Motion To Dismiss*

On March 4, 2004, defendants filed a motion to dismiss Sparks' claims. The matter was referred to a magistrate judge who issued a Recommendation for Partial Dismissal on December 2, 2004. Sparks filed an objection to the magistrate's Recommendation on January 6, 2005. Based in part on the magistrate judge's recommendations, on February 2, 2005, the district judge dismissed Sparks' Fourteenth Amendment claim with prejudice because the Colorado prison rules and regulations do not create a liberty interest in not being labeled a gang member. The district judge also dismissed Sparks' Sixth Amendment claim with prejudice, reasoning the Sixth Amendment only applies to criminal proceedings and the gang classification is not a criminal proceeding. The district court did not dismiss the Eighth Amendment claim.

The district judge concluded Sparks' allegations were sufficient to raise a question whether the defendants deliberately exposed Sparks to harm at the hands of other inmates. Addressing Sparks' Eighth Amendment claim against the

defendants in their official capacities, it determined the Eleventh Amendment precluded Sparks' claim for monetary damages. Although Eleventh Amendment immunity does not apply to injunctive relief, the district court held injunctive relief was moot as to all defendants except Foster, the only defendant currently employed at the Arkansas Valley Correctional Facility.[1]

As to the Eighth Amendment claims against defendants in their individual capacities, the district court denied the motion to dismiss because Sparks had sufficiently pled an Eighth Amendment claim to warrant monetary damages under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e).

*B. Motion for Summary Judgment*

After the district court ruled on the Motion to Dismiss, defendants filed a Motion for Summary Judgment. Among other arguments, the defendants asserted Sparks failed to exhaust available administrative remedies under the PLRA, 42 U.S.C. § 1997e(a) by failing to use the administrative grievance process. Sparks filed a "Motion to Deny Defendant(s) Motion for Summary Judgment" and included affidavits regarding the merits of his claims, but did not address the issue of exhaustion. The summary judgment motion was referred to the magistrate judge who recommended defendants' motion be granted in part and the

---

[1] Prior to the district judge's ruling, Sparks was transferred back to the Arkansas Valley Correctional Facility. Contrary to the ruling, however, Lieutenant Foster left his position at the Arkansas Valley Correctional Facility to become an STG coordinator at the Colorado State Penitentiary several years prior to this complaint being filed.

lawsuit dismissed without prejudice in its entirety based upon Sparks' failure to exhaust his administrative remedies. Sparks filed an objection to the magistrate judge's recommendation on December 20, 2005. In it, Sparks claimed for the first time "[a] trial would reveal through records held by the defendants that the Plaintiff did attempt to exhaust administrative remedies, by requesting from facility chain of command, starting with Plaintiffs' Case Manager Olsen, to Head Case Manager Clarkson, and assistant Warden Soares, a grievance on the issue of being forced to work in a hostile area, as a tool to defuse a facility uprising." (R. Vol. I, Doc. 77 at 2.) Sparks further asserted that once the authorities declined to issue a grievance the issue was ended.

On February 21, 2006, the district court ruled on the defendants' Motion for Summary Judgment after considering the magistrate judge's recommendations. The district judge deemed Sparks' objections to the magistrate's recommendation as timely and conducted a de novo review of his objections. The district court granted the summary judgment motion and dismissed Sparks' Eighth Amendment claims without prejudice because Sparks failed to prove he exhausted the available administrative remedies. A separate judgment dismissing Sparks' complaint with prejudice was entered on February 22, 2006, which incorporated both the order granting partial dismissal and the order granting summary judgment for the defendants.

Sparks filed a notice of appeal and motion to proceed *in forma pauperis*

(*ifp*) on March 22, 2006.  The district court denied Sparks' motion to proceed *ifp* on April 17, 2006.  It determined, pursuant to 28 U.S.C. § 1915(a)(3), the appeal was not taken in good faith because Sparks did not show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  Sparks renewed his *ifp* application with this Court and consented to the disbursement of partial payments from his prison account toward the filing fee.

## II.  Discussion

### A.  Fourteenth and Sixth Amendment Claims

We review the district court's dismissal of Sparks' claims de novo pursuant to Rule 12(b)(6), accepting all well-pleaded allegations as true and viewing them in the light most favorable to Sparks.  *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  Because Sparks appears *pro se*, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  Dismissal of a *pro se* complaint under Rule 12(b)(6) for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quotation omitted).

Sparks asserts he was denied Fourteenth Amendment procedural due

process and Sixth Amendment right to confrontation because he was not afforded the opportunity to present witnesses and produce evidence to demonstrate he is not a gang member. A due process claim under the Fourteenth Amendment can only be maintained where the government has interfered with a constitutionally cognizable liberty or property interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Changing a prisoner's classification generally does not deprive him of liberty under the due process clause alone. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 479-83 (1995). A liberty interest may be implicated, however, when State laws and prison regulations create a liberty interest to which due process protections apply. *Meachum v. Fano*, 427 U.S. 215, 226, 229 (1976).

In Colorado, "[c]lassification decisions are within the discretion of the Department of Corrections and a particular classification does not implicate any liberty interest protected by the Fourteenth Amendment Due Process Clause." *Green v. Nadeau*, 70 P.3d 574, 577 (Colo. App. 2003) (citing *Deason v. Kautzky*, 786 P.2d 420, 422 (Colo. 1990) (en banc)). Because Sparks does not have a liberty interest in a particular classification, be it a gang member or within an STG, he cannot maintain an action based on the classification under the Fourteenth Amendment. Therefore, the district court properly dismissed Sparks' claim.

The district court also properly dismissed Sparks' Sixth Amendment claim.

"The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'" *United States v. Deninno*, 103 F.3d 82, 86 (10th Cir. 1996) (quoting *Austin v. United States*, 509 U.S. 602, 608 (1993)). Sparks' classification as a gang member was an administrative decision made by the Department of Corrections and not part of a criminal prosecution.

## B. Eighth Amendment Claim

The district court granted the defendants' Motion for Summary Judgment and dismissed Sparks' Eighth Amendment claim for failure to exhaust administrative remedies. A district court's finding of failure to exhaust administrative remedies and grant of summary judgment are reviewed de novo. *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1138, 1140 (10th Cir. 2005). We apply the same legal standard on review of summary judgment as the district court. *Id.* at 1140. We may "affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994).

The PLRA requires prisoners to exhaust available administrative remedies before bringing an action under 42 U.S.C. § 1983 in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). At the time of the district court's decision, our precedent required prisoners to affirmatively plead exhaustion. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th

Cir. 2003) (concluding § 1997e(a) imposes a pleading requirement on the prisoner). During the pendency of this appeal, the Supreme Court issued *Jones v. Bock*, wherein it determined "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 127 S.Ct. 910, 921 (2007). Whether a pleading requirement or the subject of an affirmative defense, "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 918-19 (citing *Porter*, 534 U.S. at 524).

When raising an affirmative defense in a motion for summary judgment, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citing *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965)). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law." *Id.*

Here, appellees referred to Colorado Department of Corrections Administrative Regulation No. 850-4 which requires an inmate to file a grievance no later than thirty days from the date the offender knew or should have known of the facts giving rise to a grievance. They then noted Sparks alleged he could not file a grievance for classification issues but he made no such allegation with

-10-

regard to the violation of his Eighth Amendment rights in association with his temporary job assignment in the facility kitchen. Therefore, they contend Sparks' claim should be dismissed because he failed to exhaust his remedies.[2]

In his response, Sparks did not mention the exhaustion argument. Although he attached two sworn affidavits he authored and numerous grievances, none of the materials referenced his Eighth Amendment claim. Rather, he apparently relied on his amended complaint, wherein he checked a box indicating he exhausted the available administrative remedies and explained a prisoner's classification cannot be complained of in the prison system, thus he is allowed to seek direct relief in court. However, in objection to the magistrate's recommendation for summary judgment based on exhaustion, Sparks claimed he attempted to exhaust administrative remedies but was denied the opportunity. This was the first time Sparks responded to the failure to exhaust claim.

In granting the summary judgment motion, the district court determined that Sparks failed to exhaust the available administrative remedies for his Eighth Amendment claim. The district court determined Sparks' request for a review of

---

[2] The appellees never filed an answer to Sparks' complaint or raised the issue of exhaustion in their Motion to Dismiss. The issue of exhaustion was first raised in their Motion for Summary Judgment.

Ordinarily, it is best to plead an affirmative defense in an answer or amended answer. *Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006). However, "a defendant may use a motion for summary judgment to test an affirmative defense which entitles that party to a judgment as a matter of law." *Hutchinson*, 105 F.3d at 564.

the issue does not satisfy the exhaustion requirement because he had to file an inmate grievance and seek intermediate and final administrative review if the prison authorities deny the requested relief.

Sparks asserts on appeal the district court incorrectly ruled on this issue. He repeats his argument that administrative review of the issue is foreclosed by regulation, pointing to the Colorado Department of Corrections Administrative Regulations grievance procedures which prohibit a grievance for prisoner classification. *See* Colorado Department of Corrections, Admin. Reg. No. 850-04 (August 1, 2003) ("This grievance procedure may not be used to seek review of . . . classification . . . . Classification is entirely at the discretion of the administrative head and classification committee of each institution.").[3] He now further asserts his case manager determined, because the classification committee placed him in the facility kitchen during the prison uprising, his grievance was a classification issue and not subject to review through the grievance procedures. In his reply brief, Sparks alleges he requested a grievance on the issue, but his case manager directly prevented him from filing grievances.

Other circuits have held that administrative remedies are not "available" when prison officials refuse to provide prisoners with grievance forms. *See*

---

[3] Other portions of this regulation have been amended since Sparks filed his complaint. The amended regulation provides the same prohibition on filing classification grievances with a different indexing format. *See* Colorado Department of Corrections, Admin. Reg. No. 850-04(IV)(A)(4) (effective Dec. 15, 2006).

*Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir. 2003) (holding the district court erred in dismissing inmate's complaint for failure to exhaust administrative remedies when court did not address inmate's allegation that prison officials failed to provide necessary grievance forms); *Miller v. Norris,* 247 F.3d 736, 738, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) . . . .").[4] Sparks' attempts to frame the issue under this precedent on appeal is too little, too late.

While Sparks' objection to the magistrate's recommendation was both timely and specific, as required by Rule 72(b) of the Federal Rules of Civil Procedure, the issue of being denied a grievance form was never brought before the magistrate judge for consideration. "In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1032 (10th Cir. 2001). Furthermore,

---

[4] We have cited to either one or both of these cases favorably in a number of unpublished opinions. *See, e.g., Gonyea v. Mink*, No. 06-1176, 2006 WL 3291702 *1 (10th Cir. Nov. 14, 2006) (unpublished); *Coleman v. City & County of Denver*, 197 Fed. Appx. 764, 767 (10th Cir. Sept. 22, 2006) (unpublished); *Price v. Shinn*, 178 Fed. Appx. 803, 805 n.3 (10th Cir. Apr. 28, 2006) (unpublished); *Baughman v. Harless*, 142 Fed. Appx. 354, 359 (10th Cir. Aug. 2, 2005) (unpublished); *Baldauf v. Garoutte*, 137 Fed. Appx. 137, 141 (10th Cir. June 24, 2005) (unpublished); *Johnson v. Wackenhut Corrections Corp.*, 130 Fed. Appx. 947, 950 (10th Cir. May 11, 2005) (unpublished); *Garcia v. Taylor*, 113 Fed. Appx. 857, 859 (10th Cir. Oct. 19, 2004) (unpublished); *Hoover v. West*, 93 Fed. Appx. 177, 181 (10th Cir. Feb. 19, 2004) (unpublished); *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 273 (10th Cir. Oct. 2, 2003) (unpublished).

Sparks' allegations failed in form and substance to meet the burdens of overcoming summary judgment.

To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *See Rice v. United States*, 166 F.3d 1088, 1091-92 (10th Cir. 1999). "When a motion for summary judgment is made and supported [by affidavits with sworn or certified papers], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Sparks' allegation of being denied a grievance form was not supported by sworn pleadings, affidavit, or other evidentiary material. *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings."). In this context, Sparks was required to go beyond his pleadings and set forth specific facts to show he was denied grievance forms or was prevented from exhausting available administrative remedies. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Sparks obviously knew the value of an affidavit, since he submitted two attached to his summary judgment response brief. The absence of

any evidence, other than Sparks' allegations, is insufficient to preserve the issue.[5]

To the extent Sparks believes other reasons excused him from exhausting administrative remedies, he is mistaken. "Even when [a] prisoner seeks relief not available in grievance proceedings . . . exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524. Thus, Sparks' claim the administrative procedures were futile does not excuse a lack of exhaustion. The Supreme Court has stressed it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Regarding Sparks' renewed application to proceed *ifp* on appeal, we have reviewed his contentions and adopt the district court's finding that this appeal is not taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 446 (1962).

---

[5] We note the district court declined to address the remaining arguments made by the appellees in support of summary judgment, in part, because of the total exhaustion rule. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004) (holding where a prisoner submits a complaint with one or more unexhausted claims the district court should ordinarily dismiss the entire action without prejudice). The Supreme Court specifically rejected this rule in *Jones v. Bock*. 127 S.Ct. at 923-26. In addition to declaring PLRA exhaustion an affirmative defense, the Supreme Court determined the total exhaustion rule does not "comport with the purpose of the PLRA to reduce the quantity of inmate suits." *Id*. at 925. Courts must now dismiss unexhausted claims as it encounters them and proceed with exhausted claims on a claim-by-claim basis. *Id*. at 926.

The Supreme Court's ruling does not change the outcome of this case. The Eighth Amendment claim was the only remaining claim in the suit. Sparks' failure to exhaust this claim ended the matter and the district court appropriately declined to address the remainder of appellees' arguments.

We deny Sparks' motion to proceed *ifp* and order him to immediately remit the full amount of the filing fee. Sparks' motion for leave to file the reply brief out of time is granted.

**AFFIRMED**.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge