**Duncan MILLER, Appellant,**

v.

**SHELL OIL CO., Appellee.**

**No. 8023.**

United States Court of Appeals
Tenth Circuit.

May 20, 1965.

No appearance for appellant but brief filed pro se.

Fred C. Hannahs, Santa Fe, N. M. (Seth, Montgomery, Federici & Andrews and William R. Federici, Santa Fe, N. M., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, Miller, commenced this action in the District Court of New Mexico against appellee, Shell Oil Company, by the filing of a complaint pro se. The record reflects that he has not had the benefit of counsel in either the trial court or in this court. The first count of the complaint is inartfully drawn but attempts to allege in substance: Diversity of citizenship between the parties; presence of the required amount in controversy; and the existence of a conspiracy by which Shell sought to deprive Miller of his property without due process of law. In the second count of the complaint, Miller makes reference to an action in the Superior Court of Los Angeles, California, and apparently sought to incorporate into this cause of action by reference allegations he had made in this other case.

Appellee has filed in this court its Motion To Dismiss Appeal on the grounds that the order appealed from was not a final order. We must examine the record in order to dispose of the Motion.

The complaint, in two counts, was filed on June 26, 1964. Shell filed a motion on September 9, 1964, for dismissal of the complaint on four grounds. On October 12, 1964, Miller filed what he denominated a "Reply To Defendant's Motions". From appellee's brief, we learn that a hearing was had on that same day upon Shell's motion and the court sustained the motion but did not enter an order of dismissal until October 30, 1964. It further appears that Miller, on October 29, 1964, filed with the Clerk, what he called "Motion For Reconsideration Statement". The order entered by the court on October 30 dismissed the complaint with prejudice on the fourth ground of Shell's motion, which was upon a plea of res judicata. The record, at this point, becomes somewhat confusing. On November 4, 1964, the Clerk's office notified all parties that Miller's "Motion For Reconsideration" would be heard on November 9, 1964. On November 5, 1964, the Clerk received from Miller two other documents, one called "First Amended And Supplemental Complaint" and the other "Request For Extension Of Time For Hearing" and the Clerk on that date sent another notice of hearing to all parties setting these two documents for hearing on November 9, 1964. Again, we must refer to appellant's brief to learn that a hearing was had before the court on November 9, 1964, upon the three documents filed with the Clerk by Miller. The record shows an order entered by the court on December 4, 1964, denying the relief requested by Miller. The record further reflects that Miller filed his notice of appeal from the October 30 Order of Dismissal on November 27, 1964, which was timely under F. R.Civ.P. 73(a).

At the outset, we have a litigant prosecuting his case without benefit of counsel, which he has a right to do, even to his own detriment. Our concern, however, is the effect of the document denominated "Motion For Reconsideration Statement" and filed with the Clerk on October 29, the day prior to the court's entry of the order of dismissal. This motion refers back to Miller's "Reply To Motion To Dismiss" and recites that he understands his previous motion had not been received by the court prior to the October 12 hearing and requests that the court give consideration to his motion and its contents before finally disposing of the motion to dismiss. Such a motion cannot be said to be within the contemplation of any rule of procedure. At that point, there was no formal order to be reconsidered because none had been entered. It may be that Miller had been advised that an adverse judgment would be entered against him, and if so, the situation points up the difficulties that

may arise when court decisions are not promptly journalized after a decision has been announced. Regardless of how the able trial judge treated this "Motion For Reconsideration Statement", we cannot see any effect it could have on the finality of an order subsequently entered in the case. Actually, the entering of the order of dismissal with such a motion pending reflects the overruling of the motion regardless of what action was later taken by the court upon it. We must conclude that Miller's pending motion did not effect the finality of the judgment of dismissal. We now turn to the two documents filed by Miller after the entry of the order of dismissal. Neither can be said to be any kind of a motion under the Rules, the effect of which would be to toll the finality of the October 30 order. One is simply a request for an extension of time for the hearing of the first motion and the second document is an amended complaint, which certainly is not to be filed under these facts as a matter of right but which could be filed only with the express permission of the court, which was never granted. If permitted by the judge to be filed after the dismissal, it would breathe new life into the case. But no such permission was granted and this document had no effect upon the finality of the October 30 order. The notice of appeal was timely filed after entry of the dismissal and we must conclude that appellant's "Motion To Dismiss The Appeal" is without merit.

Appellant urges one point here that has merit. He argues that in ruling upon Shell's Motion To Dismiss the trial court had no evidence before it upon which to base a dismissal on the ground of res judicata.

The order entered dismissing the action recited in part " * * * and it appearing that the matters alleged in the complaint herein have previously been decided against the plaintiff by the District Court of Chaves County, New Mexico, in Cause No. 23896 before said court, wherein the plaintiff in this action was named defendant, and no appeal having been taken from the judgment and orders entered therein, * * *." It is apparent from the reading of this order that the dismissal was grounded upon the legal principle of res judicata. This is an affirmative defense, going to the question of whether the plaintiff has stated a claim upon which relief can be granted.

Under Rule 12(b), F.R.Civ.P., a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule. But, if the affirmative defense is based upon matters outside the complaint, and is raised by a motion under Rule 12(b), then the court must consider the motion as one for summary judgment under Rule 56 in order to consider evidentiary matters outside the complaint. And, then, only if there is no genuine issue of fact as to the affirmative defense, can the court sustain the motion to dismiss.[1] The affirmative defense of res judicata may also be raised directly by a motion for summary judgment either before or after answer. Likewise, evidence may be produced in support of the defense and if there is no genuine issue of fact the motion may be sustained.

Clearly, from the record, Shell properly raised the defense of res judicata by motion, but, we cannot say that the facts which would make the defense good appear plainly upon the face of the complaint. In order to justify the granting of the motion to dismiss, the court must have considered evidentiary matter outside the complaint. The record does not reveal any such evidentiary matter as a basis for the dismissal or that the court considered the motion as one under Rule 56, therefore, it was error to dismiss the action on the ground of res judicata.

The order of October 30, 1964, dismissing the action is reversed, and the case is remanded for further proceedings.

---

1. Vol. 2—Moore's F.P. (2d Ed. 1960) § 1875.