13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fern C. LEE, Plaintiff-Appellant,
v.
ROCKY MOUNTAIN UFCW UNIONS AND EMPLOYERS TRUST PENSION PLAN,
Defendant-Appellee.
 No. 92-1308.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 Before TACHA, HOLLOWAY, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Fern Lee appeals from a district court order granting the defendant's motion to dismiss her complaint for failure to state a claim. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 I. Introduction
 
 2
 Ms. Lee applied for pension benefits and defendant Rocky Mountain UFCW Unions and Employers Trust Pension Plan ("Rocky Mountain") denied her application in a letter dated January 16, 1986. More than six years later, on June 19, 1992, Ms. Lee filed suit in federal district court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq., claiming that Rocky Mountain improperly denied her application for pension benefits. Rocky Mountain filed a motion to dismiss Ms. Lee's complaint pursuant to Federal Rule of Civil Procedure 12(b), arguing that Ms. Lee's ERISA claims were time-barred by the applicable six-year statute of limitations.[2] The district court granted Rocky Mountain's motion.
 
 II. Discussion
 A. Motion to Dismiss
 
 3
 Ms. Lee argues on appeal that the district court erred in granting Rocky Mountain's motion to dismiss her ERISA claims. We review de novo an order granting a motion to dismiss for failure to state a claim. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1551 (10th Cir.1992). "Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief. To reach this conclusion, we clothe plaintiff's claim in such fashion to presume all allegations true." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986) (citation omitted).
 
 
 4
 Ms. Lee first argues that the district court erred in dismissing her complaint under Rule 12(b) because Rocky Mountain's statute of limitations defense was not plainly apparent from the face of her complaint. In Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir.1965), we noted that an affirmative defense may be raised in a motion to dismiss for the failure to state a claim "[i]f the defense appears plainly on the face of the complaint itself." Specifically, with respect to a statute of limitations defense, it may be appropriately resolved on a 12(b) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Here, Ms. Lee stated in her complaint that Rocky Mountain denied her application for pension benefits on January 16, 1986. Ms. Lee did not bring her ERISA claims until June 19, 1992, more than six years after her cause of action for denial of pension benefits had accrued.[3] Because the critical dates appeared plainly on the face of Ms. Lee's complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.
 
 
 5
 Ms. Lee next contends that the district court erred in dismissing her complaint because she alleged that, were she given the opportunity to develop additional facts through discovery, she might be able to prove that Rocky Mountain's actions were part of a "continuing violation" sufficient to toll the six-year statute of limitations, or in the alternative, that the six-year statute of limitations had been tolled because of Rocky Mountain's inequitable conduct. "[W]hen the dates given in the complaint" support dismissal on statute of limitations grounds, "the plaintiff has the burden of establishing a factual basis for tolling the statute." Aldrich, 627 F.2d at 1041 n. 4. In Aldrich, we held that the plaintiff's allegations, which asserted affirmative conduct to conceal securities fraud, were "sufficient to invoke the doctrine of equitable tolling at [the Rule 12(b) ] stage [of] the proceeding." Id. at 1042. However, while the plaintiff in Aldrich alleged specific facts that supported tolling the statute of limitations, id. at 1041 n. 5, Ms. Lee merely makes the bald-faced allegation that if she were given the opportunity to develop additional facts through discovery, she might be able to prove a "continuing violation" or "inequitable conduct" by Rocky Mountain. Such generalized allegations do not support tolling the statute of limitations. See Pike v. City of Mission, Kansas, 731 F.2d 655, 658 (10th Cir.1984) (holding that statute of limitations is not tolled where plaintiff's 1983 complaint does not contain factual allegations sufficient to withstand a motion to dismiss). Thus, the district court properly dismissed Ms. Lee's complaint for failure to state a claim.
 
 B. Sanctions
 
 6
 Rocky Mountain contends that the present appeal is frivolous and asks us to award sanctions in the form of attorneys' fees and costs pursuant to Fed. R.App. P. 38 and 28 U.S.C.1927. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit.' " Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (citation omitted). Ms. Lee's arguments of error are not "wholly without merit," and therefore, we do not find this appeal to be frivolous. We deny Rocky Mountain's request for sanctions.
 
 III. Conclusion
 
 7
 We AFFIRM the district court's order dismissing Ms. Lee's complaint for failure to state a claim. We deny Rocky Mountain's request for sanctions.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The parties agree that Ms. Lee's ERISA claims are subject to a six-year statute of limitations. See Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1206-07 (10th Cir.1990) (holding that ERISA actions are analogous to state-law actions upon a contract), and Colo.Rev.Stat. 13-80-103.5 (1987) (setting forth a six-year statute of limitations for actions to recover money damages under a contract)
 
 
 [3]
 Ms. Lee's cause of action accrued on January 16, 1986, the date Rocky Mountain denied her application for pension benefits. See Held, 912 F.2d at 1205 ("Uniformly, courts recognize that an ERISA cause of action accrues when an application for benefits is denied."). Ms. Lee acknowledges that Rocky Mountain denied her application for pension benefits on January 16, 1986, but she argues that her ERISA cause of action did not accrue on that date because Rocky Mountain's denial letter mentioned her right to reapply for pension benefits. This contention runs afoul of well established law. See id