FILED
United States Court of Appeals
Tenth Circuit

February 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONNA VANLANDINGHAM,

      Plaintiff - Appellant,

v.

GRAND JUNCTION REGIONAL
AIRPORT AUTHORITY,

      Defendant - Appellee.

No. 14-1252
(D.C. No. 1:13-CV-03414-RBJ)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

Donna VanLandingham appeals from the district court's Federal Rule of Civil

Procedure 12(b)(6) dismissal of her complaint asserting retaliatory employment

termination in violation of the False Claims Act (FCA), 31 U.S.C. § 3730(h), by the

Grand Junction Regional Airport Authority (Airport Authority). The district court

decided that she did not state an actionable claim because she knowingly and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily signed a release of all claims against the Airport Authority after her discharge from employment and the release did not violate public policy. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Ms. VanLandingham alleged the following in her complaint. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 699 n.1 (10th Cir. 2014) (recognizing that when appeal is from grant of motion to dismiss, facts are taken as alleged in complaint and in light most favorable to plaintiff). In 2003, she began working for the Airport Authority as the Public Safety Assistant. After several promotions, she became the Airport Security Coordinator, reporting directly to the then Director of Aviation, Rex Tippetts. In that position, she was responsible for all aspects of airport security.

A project to fence the perimeter of the airport began in 2009. Although the fence initially was to prevent wildlife incursions on the runway, Mr. Tippetts later decided the fence should be a security fence to restrict human access to the airport property. Nonetheless, he continued to request funding from the Federal Aviation Administration and the Transportation Safety Administration (TSA) for a wildlife-hazard fence, knowing that a security fence was ineligible for federal funding.

In 2010, Mr. Tippetts directed Ms. VanLandingham to attend a meeting of airport tenants to inform them that a fence was being constructed to meet a TSA

requirement. She refused to do so, believing this to be a lie. After her refusal, Mr. Tippetts reassigned her to work at an airport Subway restaurant. A month later, he terminated her employment and presented her with a Confidential Separation Agreement and General Release. The agreement, which Ms. VanLandingham signed twenty days after receiving it, provided for a lump sum payment of $8,153.60, the equivalent of seven weeks of pay, as separation compensation; three months of paid medical insurance; and outplacement services in exchange for her agreement to release the Airport Authority from "any and all causes of action" relating to her employment or termination. Aplt. App. at 64. The agreement also stated that she was signing voluntarily after having had sufficient time to consult with a lawyer, that she had twenty-one days to consider the agreement, and that she had seven days after signing to revoke the agreement. Ms. VanLandingham believed that she had no choice but to sign the agreement because she did not have time or money to seek the advice of an attorney and because she was unaware that laws protected her from whistleblowing retaliation if she revealed information involving false claims made to the United States.

Subsequently, after consulting an attorney, Ms. VanLandingham filed this action, alleging that the Airport Authority violated the anti-retaliation prohibition of the FCA. The Airport Authority moved to dismiss under Rule 12(b)(6), asserting, based on the release, that the complaint failed to state a claim for relief. *See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965) (permitting defendant to raise

- 3 -

affirmative defense in motion to dismiss for failure to state claim if defense appears plainly on face of complaint). The district court granted the motion. Considering the totality of the circumstances surrounding the agreement and release, the court concluded that it was enforceable, because Ms. VanLandingham's allegations were insufficient to plausibly plead that her waiver was not voluntary and knowing. To support this conclusion, the court determined, based on the complaint allegations, that (1) she was not unsophisticated; (2) she had twenty-one days to consider the agreement, signed on the twentieth day, and had seven days to revoke the agreement after signing, but she did not do so; (3) it was not plausible that she could not afford an attorney because she had received more than $9,000 for accrued, unpaid salary and leave time upon her termination; (4) she could have chosen to reject the additional separation pay; (5) she retained that money; and (6) the agreement stated that she signed voluntarily and with full understanding. Also, the court rejected Ms. VanLandingham's argument that the release violated public policy and was not enforceable.

## STANDARD OF REVIEW

We review the district court's Rule 12(b)(6) dismissal de novo. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible if the

plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although we accept as true all factual allegations in the complaint, we do not accept as true legal conclusions and conclusory statements. *Id*. at 678-79.

## ANALYSIS

*1. Knowing and Voluntary Waiver*

Ms. VanLandingham argues that for the agreement and release to bar her claim for retaliatory discharge under the FCA, the Airport Authority must prove that she knowingly and voluntarily signed the release and may not simply rely on the agreement language that she entered into the release knowingly and voluntarily. She also argues that determining whether she knowingly and voluntarily entered into the release requires factual findings, which can only be made after evidence is submitted and weighed. She therefore faults the district court for making an unsupported factual finding that she knowingly and voluntarily waived her rights.

In assessing whether Ms. VanLandingham's waiver was knowing and voluntary, we, like the district court, consider the totality of the circumstances asserted by her, including:

> (1) the clarity and specificity of the release language; (2) [her] education and business experience; (3) the amount of time [she] had for deliberation about the release before signing it; (4) whether [she] knew or should have known [her] rights upon execution of the release; (5) whether [she] was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in

exchange for the waiver and accepted by [her] exceeds the benefits to which [she] was already entitled by contract or law.

*Torrez v. Pub. Serv. Co. of N.M., Inc.*, 908 F.2d 687, 689-90 (10th Cir. 1990) (per curiam) (internal quotation marks omitted). "These factors provide objective evidence tending to support or undermine the employee's claim that [s]he was subjectively unaware that [s]he was waiving important statutory rights." *Myricks v. Fed. Reserve Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007) (brackets and internal quotation marks omitted).

Reading Ms. VanLandingham's complaint alongside these totality-of-the-circumstances factors, we agree with the district court that she failed to state a plausible claim that she did not enter into the waiver knowingly and voluntarily. The release language clearly and specifically released all claims regarding her employment and termination that she might have against the Airport Authority. The language was broad enough to include possible claims she was not even aware of when she signed the agreement and release and to include an FCA claim.

The complaint does not state Ms. VanLandingham's educational background,[1] but it does indicate that she had business experience in her positions with the Airport Authority. She was an eight-year employee, who had received five or six promotions and had been responsible for all aspects of security in her position as the Airport Security Coordinator.

---

[1]	Ms. VanLandingham states in her reply brief that she has a high school education.

- 6 -

Ms. VanLandingham agrees that she had an adequate amount of time, twenty-one days, to review the agreement. The agreement advised her to consult with a lawyer before signing it. She did not do so, but she did review the document for twenty days before signing it. Also, she had seven days to revoke after signing, but, again, she did not do so. Regardless of whether Ms. VanLandingham had an opportunity to negotiate the terms of the agreement, she concedes that she received a separation payment of over $8,000, along with other benefits, that she would not have received unless she signed the release. Additionally, the final paragraph of the agreement, under which she signed, stated that she "knowingly and voluntarily sign[ed] th[e] Agreement." Aplt. App. at 66.

Even though Ms. VanLandingham may not have known the full extent of her rights, she had sufficient time and opportunity to consult with an attorney to explore her rights, but she did not choose to do so. Instead, she chose to sign the agreement and accept the separation pay and other benefits that were not owed to her. Accordingly, we conclude that she did not state a plausible claim that she did not knowingly and voluntarily waived her right to bring a retaliation claim under the FCA. We also conclude that the district court did not apply a plausibility test to her state of mind; rather, the court based its decision on her complaint allegations without engaging in fact finding.

*2. Disposition on Motion to Dismiss*

Ms. VanLandingham alleges that the district court improperly converted the motion to dismiss to a motion for summary judgment without giving the parties notice when it considered the agreement and release. We disagree. Although her complaint referred to the agreement and release, Ms. VanLandingham did not attach a copy of it to the complaint. Instead, the Airport Authority attached it to the motion to dismiss. The district court therefore properly considered the agreement and release in deciding whether to dismiss under Rule 12(b)(6), because the document was central to Ms. VanLandingham's claims and neither party disputed its authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *see also Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013) (deciding district court properly considered release where it was referred to repeatedly in complaint and defendant attached copy of release to motion to dismiss).

*3. Public Policy*

Finally, Ms. VanLandingham argues that the district court erred in rejecting her argument that enforcement of the release was barred by public policy. She contends that the policy of the FCA to protect an employee from retaliation for bringing forward information about fraud against the government outweighs a private release.

Without an "affirmative indication of Congress' intent to preclude waiver," courts "presume[] that statutory provisions are subject to waiver by voluntary

agreement of the parties." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995).

The FCA provides that qui tam actions by a private person, which this case is not, "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). In comparison, the retaliation provision of the FCA, applicable to this case, does not have a similar requirement. *See id*. § 3730(h). Based on this difference, we agree with the district court that the FCA does not preclude Ms. VanLandingham's waiver of her private retaliation claim. *See, e.g., Brown v. City of S. Burlington*, 393 F.3d 337, 343, 346 (2d Cir. 2004); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 381 (4th Cir. 2008) (indicating, in dicta, that FCA permits waiver of right to pursue claim in federal court).

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 9 -