**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID SILVER,

     Plaintiff - Appellant,

v.

QUORA, INC.,

     Defendant - Appellee.

No. 16-2173
(D.C. No. 1:15-CV-00830-WPL-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

David Silver filed this pro se libel and defamation action against Quora, Inc.,
alleging that the question-and-answer website published disparaging statements about
his business practices and caused him to lose millions of dollars in income. Quora
moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting immunity
from liability under 47 U.S.C. § 230 of the Communications Decency Act ("CDA").
The district court granted the motion and dismissed the lawsuit. Exercising
jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  Background

Silver is an investment banker, venture capitalist, and author of 33 books on entrepreneurship and finance who resides in New Mexico.  Quora operates a question-and-answer website at www.quora.com that allows registered users to ask and answer questions on any topic.  This lawsuit stems from a question on the website that solicited feedback on Silver:  "Has anyone worked with or heard of David Silver at Santa Fe Capital?"  R. at 283.  The anonymous questioner elaborated, "I am interested in his ability to raise seed funding through his group of angel investors and what it's like to work with him as a partner/investor."  *Id.*

Silver claims two false, disparaging posts in response to this question damaged his reputation and caused him to lose potential clients and book publishers:

- On September 7, 2012, Tessa Salton responded, "Your instincts are correct.  He is not licensed or accredited any longer.  A fraud."  *Id.*  Her post included a link to an article in *The Chicago Tribune*, which reports on a $23 million damages award against Silver in an investment case.  *Id.*

- On October 16, 2013, Neil MacAskill responded, "You are better off buying lottery tickets.  One of our checks to him supposedly got lost so we sent him another.  Then he cashed both and never did a thing for us.  Said he built a business development plan but never delivered it.  Save your money."  *Id.*

Quora's terms of service require posts to contain real user names, but Silver contends Salton and MacAskill are fictitious people.  He was unable to locate Salton on Facebook, Google, or LinkedIn, and an individual living in England and bearing MacAskill's name denied making the controversial post.

2

Silver sent letters to Quora in December 2014 and August 2015, asking the company to remove the posts. Quora refused, so Silver filed this lawsuit, which asserts a state-law claim for libel and defamation and seeks millions of dollars in compensatory and punitive damages. His third amended complaint alleges that Quora "is wantonly publishing the libelous and defamatory statements of Tessa Salton and Neil MacAskill, knowing full well that they are not members of Quora, which violates [Quora's] terms and conditions." R. at 278. It also alleges that "someone at Quora could have been writing for Tessa Salton and Neil MacAskill, thus actually authoring, or at a minimum, editing" their posts. *Id.* at 277.

Quora filed a Rule 12(b)(6) motion to dismiss on two grounds: (1) it is entitled to immunity from liability under the CDA because Silver's complaint contains no facts to support his allegation that Quora's employees "could" have contributed to the authorship of the posts; and (2) the claim based on Salton's post is barred by the three-year statute of limitations. The district court granted the motion on immunity grounds, without reaching the statute-of-limitations issue. Silver filed this timely appeal.

## II.    Analysis

"[A] defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim" under Rule 12(b)(6) when "the defense appears plainly on the face of the complaint itself." *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). We review de novo the district court's Rule 12(b)(6) dismissal of Silver's

3

claim against Quora, accepting all well-pleaded factual allegations as true. *Howard v. Waide*, 534 F.3d 1227, 1242-43 (10th Cir. 2008).

Because Silver is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). But a complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or "tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and brackets omitted). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Nor will we "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

We must decide whether § 230 of the CDA applies to this case and provides immunity from liability to Quora. We conclude it does, and we affirm for substantially the same reasons provided in the district court's thorough and well-reasoned order.

Section 230 "creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 984-85

4

(10th Cir. 2000). It does so through the interplay of two key provisions. Under § 230(c)(1), "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). And under § 230(e)(3), "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3).

The purpose of this immunity is to "facilitate the use and development of the Internet by providing certain services an immunity from civil liability arising from content provided by others." *F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009); *see also* 47 U.S.C. § 230(b)(2) ("It is the policy of the United States . . . to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation . . . ."). This immunity is not unfettered, however. Section 230(c)(1), quoted above, has three component parts that limit immunity:

First, only a provider or user of "an interactive computer service" can receive immunity. *Accusearch*, 570 F.3d at 1196 (internal quotation marks omitted). An "interactive computer service" is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer service, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2).

Second, the defendant's actions as a "publisher or speaker" must form the basis for liability. *Accusearch*, 570 F.3d at 1196 (internal quotation marks omitted).

5

Section 230 protects a publisher from liability for exercising "its editorial and self-regulatory functions." *Ben Ezra*, 206 F.3d at 986.

Third, immunity is available only when "another information content provider" provided the information at issue. *Accusearch*, 570 F.3d at 1196 (internal quotation marks omitted). An "information content provider" is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3). A service provider must "specifically encourage[] development of what is offensive about the content" to be "responsible" for the development of offensive content. *Accusearch*, 570 F.3d at 1199 (internal quotation marks omitted). This requirement is not satisfied when a typical Internet bulletin board is neutral with respect to the content's offensiveness. *Id.*

The district court carefully applied the facts of this case to each of these prongs and held that the CDA bars Silver's libel and defamation claims against Quora. We agree with its assessment. In *Accusearch*, we described "[t]he prototypical service qualifying for this statutory immunity" as "an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others." 570 F.3d at 1195. Quora fits squarely within this prototype.

6

### III. Conclusion

Because § 230 of the CDA provides immunity from liability to Quora, we affirm the district court's order dismissing Silver's claims under Rule 12(b)(6).

Entered for the Court

Carolyn B. McHugh
Circuit Judge