FILED
United States Court of Appeals
Tenth Circuit

November 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAKESHA BRYANT,

    Plaintiff - Appellant,

v.

UNITED STATES POSTAL SERVICE,

    Defendant - Appellee.

No. 18-3018
(D.C. No. 2:17-CV-02244-CM-GLR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Lakesha Bryant appeals the district court's dismissal of her suit against the

United States Postal Service for employment discrimination.  The district court

concluded it did not have subject matter jurisdiction over the case because Bryant

failed to administratively exhaust her claims.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we reverse and remand with instructions to dismiss the case based on the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirmative defense of failure to exhaust administrative remedies, rather than lack of subject matter jurisdiction.

**I**

Bryant filed suit pro se[1] in 2017, alleging that the Postal Service had racially discriminated against her when it terminated her employment. In her form complaint, she left a series of check boxes blank regarding Equal Employment Opportunity Commission ("EEOC") exhaustion. She checked a box marked "Other," stating that the EEOC informed her that she "didn't have a case, so I proceeded to the [Merit Systems Protection Board]."

The Postal Service filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the district court lacked subject matter jurisdiction over Bryant's claims because she failed to exhaust her administrative remedies. Bryant never responded to the motion. The district court concluded it lacked jurisdiction over her claims. Bryant now appeals.

**II**

We review a dismissal under Rule 12(b)(1) de novo. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). Some of our prior decisions held that failure to exhaust administrative remedies stripped a district court of jurisdiction over a Title VII claim. See, e.g., Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993). However,

---

[1] Because Bryant proceeds pro se, "we liberally construe [her] filings, but we will not act as [her] advocate." James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).

2

we recently overruled that precedent in order to bring our case law closer in line with that of the Supreme Court and our sibling circuits. In Lincoln v. BNSF Railway Co., 900 F.3d 1166 (10th Cir. 2018), this court held en banc that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." Id. at 1185.

In this case, the Postal Service filed a motion to dismiss, pointing out that Bryant admitted in her complaint that she never received a right-to-sue letter from the EEOC. Although this failing does not deprive the district court of jurisdiction to hear the case, it is an effective affirmative defense. Because the factual basis for the defense is plain from the text of Bryant's complaint, it may be properly raised in the Postal Service's motion to dismiss, even though it is no longer a jurisdictional bar. Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965). Accordingly, although the district court's dismissal for lack of subject matter jurisdiction no longer accords with our case law, dismissal remains appropriate.

## III

For the foregoing reasons, we **REVERSE** and **REMAND** the case to the district court with instructions to vacate the dismissal based on Rule 12(b)(1) and to

dismiss the case based on the Postal Service's affirmative defense.

Entered for the Court


Carlos F. Lucero
Circuit Judge