FILED
United States Court of Appeals
Tenth Circuit

January 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JIYING WEI,

    Plaintiff - Appellant,

v.

UNIVERSITY OF WYOMING
COLLEGE OF HEALTH SCHOOL
PHARMACY; JANELLE KRUEGER,
University of Wyoming Clinical Professor;
TONJA WOODS, University of Wyoming
Associate Dean of Students; LINDA
MARTIN, University of Wyoming former
Dean of School of Pharmacy, individually
and in their official capacity,

    Defendants - Appellees.

No. 18-8011
(D.C. No. 2:17-CV-00150-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

Jiying Wei appeals the district court's judgment dismissing her complaint with

prejudice based on claim preclusion and the statute of limitations, and its order

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying her post-judgment motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Wei was a doctoral candidate in the School of Pharmacy (School) at the University of Wyoming (University). In early July 2015, after she had been dismissed from the pharmacy program, Wei filed a pro se complaint and, soon thereafter, an amended pro se complaint (together, the 2015 Complaint). She alleged that in 2012, she experienced a bout of depression after being wrongly accused of plagiarism during a clinical rotation in South Dakota by a person at the rotation who disliked her, and she attempted suicide in an effort to prove her innocence. She also claimed that she failed to receive a passing grade in the rotation due to lack of professionalism, that she had lost her intern license and was unable to work, and that actions taken by the School constituted a "civil rights violation under disability due to depression." Aplt. App. at 12. She alleged that she was dismissed from the School on July 29, 2013, and from the University on February 16, 2014. *Id.* at 13. She asked the court to allow her to graduate from the program, to sit for a board exam, and for damages for the wrongful plagiarism accusation, the delay in graduation, and her suffering.

The School filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion and dismissed the 2015 Complaint with prejudice because the court was unable to draw a reasonable inference from the facts alleged that the School was liable for the alleged misconduct. Wei did not

2

appeal that judgment or the denial of her post-judgment motion asking the court to change the dismissal to one without prejudice.

On September 9, 2017, Wei filed a pro se complaint against the School, the University,[1] and three of its employees, asserting a due process claim under 42 U.S.C. § 1983 and claims of disability discrimination under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. She alleged that during her South Dakota rotation in August 2012, she experienced a suicidal crisis and was diagnosed with depression. The School placed her on a medical leave of absence and conditioned her return on completion of counseling in Cheyenne, Wyoming. In October 2012, after two months of counseling, she returned to the program and was provided with new rotation assignments in South Dakota and Casper, Wyoming, for four months. She alleged that the School ignored her request for an assignment closer to her counselor and, while on rotation in South Dakota, she experienced depression with withdrawal, crying, and communication issues. She claimed that because of her communication issues, she did not receive a passing grade due to lack of professionalism. She appealed the grade to both the School and the University and asked for permission to repeat the rotation at a different site, but both appeals were denied. For relief in this action, Wei sought reinstatement to and graduation from the program, the ability to sit for the board exam, and damages.

---

[1] Although the parties debate whether Wei named the School, the University, or both, and whether only the University is the proper institutional defendant, our disposition does not require us to resolve the issue.

Because Wei sought to proceed *in forma pauperis*, the district court screened her complaint pursuant to 28 U.S.C. § 1915A. The court dismissed some claims but concluded that she had alleged sufficient facts regarding the decision to place her on medical leave in August 2012 to state a due process claim under § 1983. The court also determined she had adequately stated failure-to-accommodate claims under the ADA and the Rehabilitation Act concerning the decision to place her on medical leave and the disregard of her request to be assigned to a rotation closer to her counselor in October 2012.

Defendants filed a Rule 12(b)(6) motion to dismiss based in relevant part on res judicata, also known as claim preclusion, and the statute of limitations. By then Wei had obtained counsel, who filed a response that was two pages long and contained two arguments that read, in full:

(1) "Res Judicata is more properly raised [as] a defense in an Answer pursuant to [Fed. R. Civ. P.] 8 than in a Rule 12(b)(6) Motion to Dismiss for failure to state a cause of action." Aplt. App. at 108.

(2) "The court has found that the complaint states a cause of action and has ordered the defendant to answer the complaint. At this time the defendant may raise the issue of Res Judicata and provide evidence of such." *Id.* at 108–09.

Defendants responded that under *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965), they could raise claim preclusion and statute of limitations in a Rule 12(b)(6) motion. Aplt. App. at 111.

4

The district court granted the motion to dismiss. The court concluded that the elements of claim preclusion were met and therefore dismissed with prejudice the claims against the School and the individual defendants in their official capacities. It also concluded that Wei's due process claim accrued in August 2012, when the School placed her on a medical leave of absence, more than five years before she filed her complaint in this action in September 2017 and thus beyond the four-year limitations period. The court further determined that her ADA/Rehabilitation Act claims accrued no later than August 25, 2013, when she was terminated from the pharmacy program after receiving the failing rotation grade. The court derived that date by taking judicial notice of a copy of a termination letter filed in Wei's previous action bearing that date. Those claims, the court concluded, were therefore also outside the four-year statute of limitations as to all defendants, including the individual defendants in their individual capacities.

Wei filed a motion under Federal Rules of Civil Procedure 59 and 60, arguing that because the affirmative defenses were not set out in an answer, she was deprived of an opportunity to argue that the previous dismissal with prejudice "was mistakenly entered because the dismissal was not based upon the merits, but upon the *pro se* complaint of the plaintiff without being granted leave to amend." *Id.* at 128. She also argued that the district court was wrong to apply the statute of limitations because she alleged in the prior action that her cause of action accrued on February 16, 2014, when the University denied her appeal of the grade that led to her

5

termination from the program, and thus her complaint in this action was filed within the four-year limitations period.

The district court denied the motion. It concluded that defendants properly raised the two affirmative defenses in a Rule 12(b)(6) motion. The district court also noted that it could take judicial notice of its own files (i.e., Wei's prior case) when considering a Rule 12(b)(6) motion. The court further concluded that any new arguments in the Rule 59/60 motion did not justify relief because such a motion is not the proper vehicle to advance new arguments that were available at the time of the original motion.

Wei filed a notice of appeal from the judgment and an amended notice of appeal from the denial of the Rule 59/60 motion.

## DISCUSSION

We review a district court's disposition of a Rule 12(b)(6) motion de novo. *Warnick v. Cooley*, 895 F.3d 746, 750 (10th Cir. 2018). And our review of a district court's denial of motions under Rule 59 and 60 is for abuse of discretion. *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013).

On appeal, Wei contends that (1) claim preclusion does not apply because she did not have a full and fair opportunity to litigate the prior matter, and (2) there is insufficient evidence regarding accrual of the claims to dismiss based on the statute of limitations. Neither of these arguments is preserved for appellate review because Wei did not raise them in her response to defendants' Rule 12(b)(6) motion. Accordingly, these arguments are waived on appeal. *See Impact Energy Res., LLC v.*

6

*Salazar*, 693 F.3d 1239, 1246 n.3 (10th Cir. 2012) (explaining that failure to raise issue at appropriate time in the district court waives appellate review).  To the extent she raised these arguments in her Rule 59/60 motion, we conclude that the district court did not abuse its discretion in declining to consider them because motions under Rule 59 and Rule 60 are inappropriate for advancing new arguments or supporting facts that could have been raised in prior briefing.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Wei has preserved for appellate review portions of one threshold procedural argument—that it was improper for defendants to raise the affirmative defenses of claim preclusion and the statute of limitations in a Rule 12(b)(6) motion without having first raised them in an answer.  We disagree.  In *Miller v. Shell Oil Co.*, we held that "a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim."  345 F.2d 891, 893 (10th Cir. 1965).  More specifically, we have explained that it is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks omitted).  Although here the district court gleaned the date it found relevant for the limitations calculation by taking judicial notice of a filing in Wei's first case, it was entitled to do so.  *See Warnick*, 895 F.3d at 754 n.6 (observing that in reviewing a Rule 12(b)(6) motion, a

7

court can consider "matters of which a court may take judicial notice").[2]  And in *Tri-State Truck Ins., Ltd. v. First National Bank of Wamego*, 564 F. App'x 345 (10th Cir. 2014), we reasoned that "'when all relevant facts are shown by the court's own records, of which the court takes notice,'" the affirmative defense of claim preclusion "'may be upheld on a Rule 12(b)(6) motion without requiring an answer.'" *Id.* at 347 (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)).[3]

The two Supreme Court cases Wei relies on are not to the contrary because they do *not* state that affirmative defenses *must* be raised in an answer or *cannot* be raised in a Rule 12(b)(6) motion, but only that claim preclusion is an affirmative defense "that must be pleaded," *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971), and "[o]rdinarily, it is incumbent on the defendant to plead and prove such a defense," *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).  And the four cases from other circuits she cites are either not on point or are contrary to Tenth Circuit precedent.[4]  In sum, we see no error in the district court's conclusion that

---

[2] In her reply brief, Wei argues for the first time that this was improper, but we do not ordinarily consider arguments not properly presented to the district court, *Impact Energy Res., LLC*, 693 F.3d at 1246 n.3, or those raised for the first time on appeal in a reply brief, *Sierra Club*, 816 F.3d at 676 n.9.  We decline to do so here.

[3] We cite to this unpublished case for its persuasive value consistent with 10th Cir. R. 32.1.

[4] Those cases are:  *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground"); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023

(continued)

defendants could properly raise their affirmative defenses in the first instance in a Rule 12(b)(6) motion.

## CONCLUSION

The district court's judgment and its order denying Wei's post-judgment motion are affirmed.

Entered for the Court

Allison H. Eid
Circuit Judge

---

(9th Cir. 2010) ("Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion."); *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Dismissal under Rule 12(b)(6) was irregular, for the statute of limitations is an affirmative defense. A complaint states a claim on which relief may be granted whether or not some defense is potentially available." (citation omitted)); and *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission.").