**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

GRANT MITCHELL SAXENA,

    Plaintiff Counter Defendant - Appellant,

v.

JEFFERY THOMAS ALLEN,

    Defendant Counterclaimant - Appellee.

No. 23-1212
(D.C. No. 1:22-CV-01769-DDD-SP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Grant Saxena appeals the district court's orders dismissing his complaint as barred by the statute of limitations, denying leave to amend as futile, and denying reconsideration. Because we agree that Saxena's claims are untimely, we affirm, although we remand in part to allow the district court to decide a pending motion for costs that was left unadjudicated.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**Background**

Saxena's complaint alleges that on July 15, 2020, Jeffery Allen physically assaulted Saxena and then inaccurately reported to law enforcement that Saxena had falsely imprisoned and robbed him.[1] The complaint also alleges that Allen has stalked, harassed, threatened, and slandered Saxena.

Saxena emailed his complaint to the clerk at 11:30 p.m. on July 15, 2022, which was a Friday. The clerk filed it the following Monday morning, July 18, 2022. As relevant here, Allen responded with counterclaims and a motion to dismiss suggesting that Saxena's complaint was barred by the statute of limitations.

A magistrate judge recommended dismissing Saxena's complaint as untimely, concluding that the applicable statute of limitations was two years and that Saxena's July 18, 2022 complaint was untimely by three days. *See* Colo. Rev. Stat. § 13-80-102(1)(a) (providing two-year statute of limitations for various tort actions).

The district court overruled Saxena's objections to the recommendation and likewise concluded that the complaint was time-barred, but it did so for a slightly different reason. Like the magistrate judge, the district court rejected Saxena's arguments that his complaint should have been deemed filed as of his July 15, 2022 email to the clerk and concluded that the complaint was properly filed on July 18, 2022, under a local rule governing how to file documents outside the court's

---

[1] Both Saxena and Allen proceeded pro se below and continue to do so on appeal. We therefore liberally construe their filings, but we will not act as an advocate for either party. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

electronic filing system. But that conclusion was not ultimately determinative because the district court held that the applicable statute of limitations was one year, not two. In support, it noted that a more specific statute applied to Saxena's claims of assault, libel, and slander. *See* Colo. Rev. Stat. § 13-80-103(1)(a) (providing a one-year statute of limitations for assault, libel, and slander, among others). So the district court dismissed Saxena's complaint, denied leave to amend as futile, and later denied reconsideration.[2]

Saxena appeals.[3]

---

[2] The district court noted that Allen had indicated he would voluntarily dismiss his counterclaims if Saxena's complaint were dismissed, so it directed Allen to file a notice of dismissal by a particular date. Allen did not do so, and he also took no further action. So the district court dismissed Allen's counterclaims without prejudice for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting district court's authority to dismiss claims sua sponte based on failure to prosecute or comply with court's orders). Allen did not file a notice of appeal from that ruling and does not challenge it in his response brief.

[3] Saxena's notice of appeal was premature because it predated the district court's entry of final judgment, but it ripened into timeliness after the district court dismissed Allen's counterclaims for failure to prosecute and entered final judgment. *See* Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."); *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc) (explaining that when "other claims were effectively dismissed after the notice of appeal was filed, . . . [Rule] 4(a)(2) permits the interpretation that the notice of appeal, filed prematurely, ripens and saves the appeal"). This is because the dismissal of Allen's counterclaims was for failure to prosecute and was not "a voluntary dismissal . . . to manufacture finality." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 n.4 (10th Cir. 2001); *cf. Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) ("Parties may not confer appellate jurisdiction upon us by obtaining a voluntary dismissal without prejudice of some claims so that others may be appealed.").

**Analysis**

Saxena argues that the district court erred in dismissing his complaint and denying him leave to amend based on futility. Our review is de novo. *See Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002) (noting de novo review of "a district court's ruling regarding the applicability of a statute of limitations" (quoting *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994))); *Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010) (noting de novo review of futility finding).

As an initial matter, Saxena suggests that the district court erred in adjudicating the statute-of-limitations issue at the dismissal stage. But "when the dates given in the complaint make clear that the right sued upon has been extinguished," courts are free to resolve statutes-of-limitations issues on a motion to dismiss. *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quoting *Lee v. Rocky Mountain UFCW Unions & Emp'rs Tr. Pension Plan*, 13 F.3d 405, at *1 (10th Cir. 1993) (unpublished table decision)). Here, the relevant dates appear in Saxena's complaint, and he does not suggest otherwise on appeal, so the district court did not err on this basis.

Next, Saxena argues that the district court wrongly applied a one-year statute of limitations rather than a two-year statute of limitations. In support, he contends that the district court misconstrued his complaint as asserting only claims for assault, libel, and slander, which are plainly subject to the one-year statute of limitations in § 13-80-103(1)(a). Instead, according to Saxena, he also brought a claim for

intentional infliction of emotional distress caused by Allen's allegedly inaccurate reporting of false imprisonment and theft, which would be subject to the more general two-year statute of limitations in § 13-80-102(1)(a).

But there are no allegations in Saxena's complaint suggesting that he sought to assert a claim for intentional infliction of emotional distress; his allegations about Allen's false reports to law enforcement are framed in terms of slander and libel. Indeed, Saxena's motions to amend his complaint likewise described his action as a "personal[-]injury complaint for assault, libel[,] and slander." R. vol. 2, 80 (capitalization standardized). The district court therefore did not err in determining that a one-year statute of limitations applied to Saxena's claims for assault, slander, and libel.[4] *See* § 13-80-103(1)(a). And under that deadline, Saxena's complaint was untimely, and amendment would have been futile.[5] So we affirm the district court's dismissal order.

Two final matters require our attention. First, Saxena faults the district court for failing to rule on his motion seeking to impose process-service costs on Allen. Our review of the record indicates that the district court never ruled on this motion

---

[4] To be sure, the district court perhaps inaccurately suggested that Saxena alleged a claim of false imprisonment when he in fact alleged that Allen lied about being falsely imprisoned. But that mischaracterization does not mean that any of Saxena's claims are subject to the two-year statute of limitations and is not cause for reversal.

[5] Given this conclusion, we need not reach Saxena's argument that his complaint—which he emailed late on Friday, July 15, 2022, but which the clerk did not file until Monday, July 18, 2022—should be deemed timely under a two-year statute of limitations.

(perhaps understandably, given the voluminous and repetitive filings from both Saxena and Allen below). We therefore remand for the district court to adjudicate Saxena's pending motion. Second, we reject Saxena's invitation to strike Allen's response brief.

### Conclusion

Because Saxena's claims are untimely under the applicable one-year statute of limitations, we affirm the district court's orders dismissing his complaint, denying him leave to amend, and denying reconsideration. But we remand for the district court to assess Saxena's motion for costs in the first instance.

Entered for the Court

Nancy L. Moritz
Circuit Judge